**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 13 2013, 9:06 am

*[signature]*

CLERK

of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JUAN A. GONZALES**
Westville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUAN A. GONZALES, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  45A03-1210-PC-421 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
The Honorable Natalie Bokota, Magistrate
Cause No. 45G04-0102-CF-33

**June 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Juan Gonzales ("Gonzales") appeals the denial of his petition for post-conviction relief, which challenged his conviction following a jury trial of one count of Dealing in Cocaine, as a Class A felony.[1] Gonzales raises three issues for our review. We address the single issue which is not waived, res judicata, or procedurally defaulted:[2] whether the post-conviction court erroneously denied his petition for relief because he was denied effective assistance of counsel.

We affirm.

**Facts and Procedural History**

On February 14, 2001, the State charged Gonzales with one count of Dealing in Cocaine, as a Class A felony. On February 11, 2002, Gonzales, by counsel, filed a motion to suppress all evidence obtained as a result of the traffic stop. (Appellant's App. at 120-26.) At a suppression hearing on March 7, 2002, Gonzales, by counsel, presented extensive

---

[1] Ind. Code § 35-48-4-1 (2001). The relevant statutory provision has been modified since the commission of the offense. We refer to the version of the statute then in effect.

[2] Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available on petition for post-conviction relief. Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001). Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. Ind. Post-Conviction Rule 1(1); Timberlake, 753 N.E.2d at 597. If an issue was known and available, but not raised on direct appeal, it is waived. Timberlake, 753 N.E.2d at 597. If an issue was raised on appeal but decided adversely, it is res judicata. Id. If not raised on appeal, a claim of ineffective assistance of trial counsel is properly presented in a post-conviction proceeding. Id. As a general rule, however, most free-standing claims of error are not available in a post-conviction proceeding. Id. at 597-98.

Gonzales contends that his sentence was inappropriate, and that the trial court abused its discretion when it admitted into evidence a conversation recorded between Gonzales and his traveling companion, Angel Vargas, which occurred during the traffic stop while they were in the back of Lake County Police Officer Oscar Martinez's police car. While Gonzales filed a direct appeal, we are unable to discern from the record what issues he raised. Furthermore, this Court dismissed his direct appeal with prejudice. Therefore, he is not entitled to present, in post-conviction proceedings, free-standing allegations that his sentence was inappropriate, or that the trial court abused its discretion in the admission of evidence.

2

argument and evidence in support of the motion to suppress, including a video recording of the traffic stop. (Tr. at 1-123.) The trial court denied the motion.

A jury trial was conducted on October 21 and 23, 2002, at which Gonzales failed to appear. The State introduced evidence obtained during the traffic stop, to which Gonzales's trial counsel renewed his objection. (Tr. at 245, 247-48.) At the conclusion of the trial, the jury found Gonzales guilty as charged, and the trial court entered judgment of conviction.

On November 21, 2002, the trial court held a sentencing hearing, at which Gonzales again failed to appear. The court imposed a sentence of thirty years imprisonment, with ten years suspended.

As best we can discern, Gonzales next fled law enforcement for almost six years, until he was apprehended and detained at the "IMS Tri-City Correctional Facility in Ullin, [Illinois]." (Appellee's App. at 15; Appellant's Br. at 27.)

On October 2, 2008, Gonzales filed a belated notice of appeal. On January 23, 2009, the trial court granted Gonzales's petition to file a belated notice of appeal. On May 14, 2009, the State filed a motion to dismiss, which this Court granted with prejudice on June 10, 2009.

On December 8, 2010, Gonzales filed a petition for post-conviction relief. The post-conviction court held hearings on December 15, 2011, and March 15, 2012, and denied Gonzales's petition for post-conviction relief on September 20, 2012. Gonzales now appeals.

**Discussion and Decision**

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. P-C.R. 1(5); Perry v. State, 904 N.E.2d 302, 307 (Ind. Ct. App. 2009), trans. denied. When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Pruitt v. State, 903 N.E.2d 899, 905 (Ind. 2009). On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Perry, 904 N.E.2d at 307. We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. Pruitt, 903 N.E.2d at 905.

Ineffective Assistance of Counsel

Gonzales contends that he was denied effective assistance of trial counsel. Ineffective assistance of counsel claims are evaluated under the Strickland standard. Williams v. State, 706 N.E.2d 149, 154 (Ind. 1999) (citing Strickland v. Washington, 466 U.S. 668 (1984)). To prevail on a claim of ineffective assistance of counsel, a petitioner must show both deficient performance and resulting prejudice. Id. A deficient performance is a performance which falls below an objective standard of reasonableness. Id. Prejudice exists when a claimant shows "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the

4

outcome.'" Id. (quoting Strickland, 466 U.S. at 694). The two prongs of the test are separate and independent inquiries. Woods v. State, 701 N.E.2d 1208, 1224 (Ind. 1998). If a claim of ineffective assistance of counsel can be disposed of under the second prong of the test—the prejudice prong—"'that course should be followed.'" Id. (quoting Strickland, 466 U.S. at 697).

Gonzales argues that his trial counsel was ineffective for failing to challenge the admission into evidence of the approximately one kilogram block of cocaine found in a duffel bag in the trunk of the car. Specifically, Gonzales asserts that, had trial counsel challenged the evidence, it would have been suppressed because it allegedly was obtained in violation of the Fourth Amendment to the United States Constitution, and Article 1, Section 11 of the Indiana Constitution.

However, Gonzales, by counsel, thoroughly challenged the admission of evidence from the traffic stop. Trial counsel filed a pre-trial motion to suppress all evidence obtained as a result of the traffic stop. (Appellant's App. at 120-26.) At the suppression hearing, trial counsel presented extensive argument and evidence in support of the motion to suppress, including a video recording of the traffic stop. (Tr. at 1-123.) Furthermore, trial counsel renewed his objection at trial to the admission of evidence obtained from the traffic stop. (Tr. at 245, 247-48.) Therefore, we conclude that Gonzales's claim of omission is not supported by the facts in the record, and thus we cannot agree that Gonzales was deprived of effective assistance of trial counsel.

**Conclusion**

The post-conviction court did not err when it concluded that Gonzales was not denied effective assistance of counsel. We therefore affirm the court's denial of Gonzales's petition for post-conviction relief.

Affirmed.

NAJAM, J., and BARNES, J., concur.